UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| STEPHEN B. PRICHARD | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | NO. 2:06-CV-211 |
| | ) | |
| TOM SMITH, Deputy; SHERIFF JOHN HENSON; and the CARTER COUNTY SHERIFF'S DEPT. | ) ) ) | |

## **MEMORANDUM and ORDER**

Stephen B. Prichard, a prisoner now housed in the Johnson County jail in Mountain City, Tennessee, brings this *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983, against Tom Smith, a Carter County Sheriff's Deputy; John Henson, former Carter County Sheriff; and the Sheriff's Department itself. The plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of the plaintiff's inmate trust account at the institution where he resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

1

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the Johnson County jail, to ensure compliance with the above fee- collection procedures.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir. 1998).  The plaintiff asserts, in paragraph II of his complaint, that the grievance system addresses matters associated with confinement and not claims which arose during a prisoner's arrest. The Court agrees that § 1997e's requirements do not apply in this situation.

The Court must now screen the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and

---

[1] Payments should be mailed to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

§ 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The gravamen of the complaint is that, on January 12, 2006, the plaintiff was subjected to unreasonable force during his arrest in Carter County by Sheriff's Deputy Tom Smith, the lead defendant. More specifically, the plaintiff contends that defendant Smith jerked him out of the passenger seat of a car; put him on the ground; handcuffed him; and then proceeded to hit him in the back of the head with a 4D Mag Flashlight and to stomp on him, until another officer intervened. The plaintiff was placed in a cruiser and taken to the jail, where an ambulance awaited. The plaintiff was then transported to the Emergency Room, where he was given an IV and had X-rays taken. The ER physician informed him that he had lost a lot of blood; diagnosed him as having a light concussion; and placed eight to ten metal staples in the back of his head.

As an initial matter, there are problems with two out of the three named defendants. The complaint contains no allegations against former Sheriff John Henson. Moreover, a Sheriff's Department is not a legally-cognizable entity subject to suit under § 1983. *See Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D.Tenn.1984). Therefore, defendants Henson and the Carter County Sheriff's Department are **DISMISSED** from this suit.

As to the allegations against defendant Smith, the Fourth Amendment is

relevant because it guarantees that "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "There is a cause of action under 42 U.S.C. § 1983 for excessive force used to effectuate an arrest." *St. John v. Hickey*, 411 F.3d 762, 771 (6th Cir. 2005). The Court infers, from the plaintiff's allegations, that he is alleging a violation of his Fourth Amendment right not to be subjected to unreasonable force during his arrest.

The Clerk is **DIRECTED** to send the plaintiff a service packet. (A packet contains a blank summons and USM 285 form.) The plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of this Order. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendant. The defendant is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

The plaintiff is **ORDERED** to inform the Court of any address change

within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE